EASTERN DIS.
*March*, 1834.

MARTIN
*vs.*
NEWTON ET AL.

Such a possessor is however for the fruits and revenues of the thing, from the time he received the property, until the time of its destruction.

---

### MARTIN *vs.* NEWTON ET AL.

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF NEW-ORLEANS.

In cases where the evidence, in any manner supports the verdict of the jury, the Supreme Court will not disturb the verdict, as founded on matters of fact, but the cause will be remanded, when the Supreme Court cannot fully concur in the conclusion of the jury.

The petition avers, that the plaintiff, in the summer of 1831, and for some time previous thereto, she kept a boarding house; that in said house she had a great quantity of furniture, belonging to her, such as was necessary for such an establishment, amounting in all to about five thousand five hundred dollars.

That in the latter part of the summer of 1831, she put the said furniture, *in the hands* of the defendants, with the understanding, that they were to keep the same safely until the fall of that year for her, when she expected to resume keeping a boarding house, but previous to that time, and during her absence, the defendants *had permitted the whole of the furniture, to be sold at private sale or public auction, at a great sacrifice;* that which had cost her five thousand five hundred dollars, having been sold for only one thousand six hundred and fifty-five dollars and forty-two cents.

The defendants pleaded the general denial. They averred that they had advanced the plaintiff large sums of money, and had at various times, and to various persons, given her credit and become responsible for her obligations, all of which was purely gratuitous on their part; that the furniture mentioned in the petition, was not put in their hands, as alleged, but was placed there by Ralph Wells, to whom the same was sold by petitioner, who authorised Gustavus Schmidt, Esq., to sell the same, either at public or private sale; that said Schmidt authorised and directed said furniture to be sold; that part of the same was sold at public auction, after due notice, and the remainder at private sale; that the whole was sold to the best advantage, and appropriated as directed by said Wells, to the payment of certain privileged claims thereon, subject to which he had purchased the same.

*Montgomery*, a witness for the plaintiff, testified that his claim of four or five hundred dollars, for rent against the plaintiff, was settled by a note of Mr. Newton, in May, 1831.

*Grant* testified that the furniture sold by J. Le Carpantier, on the 29th September, 1831, was that received from the plaintiff by Mr. Newton.

*Le Carpentier,* testified that the sale alluded to by Mr. Grant, had taken place by the direction of Mr. Newton.

*G. Schmidt,* Esq., testified that Ralph Wells requested witness to act as his attorney to sell some *furniture* which he had purchased from Mrs. Martin; that Wells stated it would give him no trouble, that the furniture was at Grant's, and that Grant and Newton would understand themselves about that sale. Witness thinks he never delivered an order for the sale of that property.

*Wells,* testified that the plaintiff had sold to him her furniture for a full consideration, and he had constituted Mr. Schmidt his agent to sell it.

The jury found for the defendant. The plaintiff appealed.

MATHEWS, J., delivered the opinion of the court.

This is a suit to recover remuneration for damages, which the plaintiff alleges she has sustained by unjust and illegal conduct of the defendants, in relation to certain property belonging to her, consisting of household furniture, which was placed in their possession, or under their control for safe keeping, and which they caused to be sold at a great sacrifice, without any authority from her, and to her great damage and injury, &c.

The cause was submitted to a jury in the court below, who found a verdict for the defendants, and judgment being rendered in pursuance thereof, the plaintiff, after an unsuccessful attempt to obtain a new trial, took the present appeal.

The answer contains allegations of many acts of beneficence done by the defendants to the plaintiff, during her residence in the city, to aid her in the business of inn keeper, which it seems was her occupation. They deny that they were ever her depositaries of the furniture set out in the petition, but that it was placed in their possession, or under their control, by a certain Ralph Wells, who had purchased the property from the plaintiff, and who empowered one Gustavus Schmidt, to sell it, &c., under whose authority they allege that it was sold for a fair price, some at auction and

some by private sale, and the proceeds applied to the payment of the plaintiffs debts. They further plead in reconvention, &c.

The whole evidence of the case, as it appears on the record, creates a violent presumption in our minds, that the sale to Wells, (even admitting the act by which it is attempted to be supported, was signed by the plaintiff, which does not fully appear) was simulated, and that to the knowledge of the defendants. If this sale were simulated, Mrs. Martin was not divested of her right to the property. We are inclined to infer from Wells' entire testimony, which was taken, found in his answers to the direct and cross interrogatories, that he never paid a valuable consideration for the property, and that he was a mere nominal purchaser, with a view to serve the purposes and interest of the defendants. Our inference from the testimony of this witness is forceably corroborated by that of Schmidt, his pretended agent. He was informed by his principal, that the business would give him no trouble, that Grant (in whose ware house the furniture was stored) and Newton would understand themselves about the sale. The witness on cross examination, stated that he never delivered any order for the sale of the property, and has a slight recollection, that Mr. Newton told him that the furniture had been sold, &c.

The verdict of the jury can be fully justified, only in the belief that the entire interest of the plaintiff in the property, which forms the basis of the present action, was transfered to Wells by the pretended sale, and that consequently the defendants did not illegally interfere in the disposal of it to her prejudice. In cases where the evidence does in any manner support the verdict of juries, this court is not in the habit of disturbing their decisions, as founded on matters of fact, but it is not unusual for us to send a cause back for a new trial, before a second jury, when we cannot fully concur in the conclusion of the first. There is something rather mysterious in the present case, which may possibly be elucidated by further testimony on a new trial, and the verdict of

In cases where the evidence in any manner supports the verdict of the jury, the Supreme Court will not disturb the verdict as founded on matters of fact; but the cause will be remanded when the Supreme Court can ot fully concur in the conclusion of the jury.

Eastern Dis.
arch, 1834.

another jury, being probably better calculated to solve matters of this nature than the court.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be annulled, the verdict of the jury set aside, and the cause remanded for a new trial. The appellees to pay the costs of this appeal.

*Worthington*, *Mc Caleb* and *Gray*, for plaintiff and appellant.

*L. C. Duncan*, *contra.*